IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

| | |
|---|---|
| WILLIE JAMES LOVE, | PETITIONER |
| V. | NO. 2:05CV146-P-B |
| MISSISSIPPI DEPARTMENT OF CORRECTIONS, ET AL, | RESPONDENTS |

**O P I N I O N**

This cause comes before the court on the petition of Willie James Love for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner states that he was convicted, in accordance with his plea of guilty, on an unspecified date in 2001 in the Circuit Court of Tallahatchie County, Mississippi, of attempted grand larceny. He was sentenced to serve four years in confinement, with the sentence being suspended; in September 2002 the suspension was revoked and he began serving the four-year sentence.

It is well-settled that a state prisoner seeking habeas corpus relief in federal court is first required to exhaust his available state remedies. 28 U.S.C. § 2254(b)(1) and (c); *see also Rose v. Lundy*, 455 U.S. 509 (1982). More specifically, a petitioner must present his claims to the state courts in such a fashion as to afford those courts a fair opportunity to rule on the merits. *Picard v. Conner,* 404 U.S. 270 (1971); *Dispensa v. Lynaugh,* 847 F.2d 211, 217 (5th Cir. 1988). A habeas corpus petitioner must provide the state's highest court with a fair opportunity to pass upon the issues raised in the petition for federal habeas corpus relief. *Dupuy v. Butler,* 837 F.2d 699, 702 (5th Cir. 1988) (*citing Carter v. Estelle,* 677 F.2d 427, 443-44 (5th Cir. 1982)).

Petitioner, who states that he has neither appealed his conviction nor submitted any other action to the state court system, has an available state remedy under the Mississippi Uniform Post Conviction Collateral Relief Act, § 99-39-5(g), Miss. Code Ann. (1972), and Mississippi Habeas Corpus Statutes § 11-43-1, *et seq.* If he is denied relief, he has the further right to appeal to the

Mississippi Supreme Court. § 99-39-25(1) or § 11-43-53 Miss. Code Ann (1972). Clearly, he has not exhausted his state remedies and cannot proceed in this court.

A final judgment in accordance with this opinion will be entered.

THIS the 2nd day of August, 2005.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE